In the Matter of the Estate of GROVER C. SHIRDON, Deceased.

Surrogate's Court, Chenango County, May 24; 1948.

*C. Vernon Stratton* for Florence McCumber, claimant.

*David F. Lee* and *David F. Lee, Jr.,* for Spencer I. Shirdon, as executor of Grover C. Shirdon, deceased.

BARNES, S.   This is a disputed claim for services by the claimant as a housekeeper in the home of the decedent. The claimant was a sister of the decedent's wife and came to their home about thirty years ago and has since made her home with the decedent and his wife until the wife's death about fourteen years ago. Since that time she has remained in the home with the decedent. She has been separated from her husband some forty years.

She had boarders for which she received pay, and she took in washings for which she received the pay. The testimony of the witnesses is to the general effect that she would be well compensated — but no price was ever claimed to have been fixed and no bills ever presented. Upon the decedent's death, she received life insurance upon policies, in which she was the beneficiary, to the total amount of $1,540.30. For a period of about three years during the war, the decedent was employed in war work at a distant point, and she had the entire use of the house. The net estate of the decedent at final accounting is $5,211.71. These are the material facts in the case.

These claims after death are a source of a large volume of litigation. The cases are ably cited in *Matter of Long* (144 Misc. 181). Where the claimant has carried on the same work under the same circumstances for a period of thirty years without receiving pay, it creates an inference that no pay was intended. Upon the cases cited in *Matter of Long* (*supra*), I am rejecting the claim except for the period of the decedent's last illness

where it appeared that she rendered unusual and different services in his last illness — and I am awarding her the sum of $100 for such services. I am further allowing the sum of $100 to the claimant's counsel as counsel fees in this proceeding.

Draw order accordingly.